**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LUKE JOSEPH WARNER,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING, et al.,<br><br>Respondents. | Civil Action No. 18-cv-10850-DLC<br><br><br>**ORDER ON RESPONDENTS' MOTION<br>TO DISMISS (DKT. NO. 8)** |

**CABELL, Magistrate Judge:**

On April 30, 2018, *pro se* litigant Luke Joseph Warner ("the petitioner"), who is incarcerated at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 1] in which he complains of inadequate medical care while at FMC Devens and other correctional institutions. The respondents have moved to dismiss [Dkt. No. 8], arguing, *inter alia*, that a petition for a writ of habeas corpus is not the proper mechanism for challenging conditions of confinement. For the reasons stated below, the court will grant the respondents' motion.

The respondents are correct that the alleged misconduct of which the petitioner complains--failure to provide adequate medical treatment--is not the proper subject of a petition for a writ of habeas corpus. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Here, Warner does not challenge the validity of his conviction, sentence, the calculation of his release date, or any other matter concerning the duration of his confinement. He challenges the legality of the conditions of his confinement,

namely the adequacy of medical care. A claim concerning a condition of confinement which does not have an effect on the duration of punishment may only be pursued through a non-habeas action.[1] *See, e.g.*, *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011); *Rael v. Williams*, 223 F.3d 1153, 1154-55 (10th Cir. 2000); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Graham v. Sabol*, 734 F. Supp. 194, 204 (D. Mass. 2010); *Sanchez v. Sabol*, 539 F. Supp. 2d 455, 458-59 (D. Mass. 2008).[2]

Accordingly:

1. The respondents' motion to dismiss [Dkt. No. 8] is GRANTED.

2. The respondents' motion to seal [Dkt. No. 9] is GRANTED.

3. All other motions shall be DENIED AS MOOT.

4. The Clerk shall enter a separate order dismissing this action.


So ordered.

          /s/ Donald L. Cabell
          DONALD L. CABELL, U.S.M.J.

DATED: September 24, 2018

---

[1] On July 24, 2018, Warner filed a non-habeas action concerning allegedly inadequate medical care. *See Warner v. Spaulding*, C.A. No. 18-11563-MPK (D. Mass.).

[2] Even where prisoner seeks release as a remedy for inadequate medical care, the claim is not the proper subject of a habeas petition. Generally, a court cannot order release as a remedy for unconstitutional conditions of confinement. *See, e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) (even where a prisoner proves mistreatment in prison that amounts to cruel and unusual punishment, "relief of an Eighth Amendment violation does not include release from confinement"). In limited circumstances, a court may order the release of prisoners to alleviate unconstitutional prison conditions caused by overcrowding. *See* 18 U.S.C. § 3626(a)(3); *Brown v. Plata*, 563 U.S. 493 545 (2011) (affirming prison release order).